Forrest W. Hansen, SBN 235432
Merced County Counsel
Jenna M. Anderson, SBN 291467
Chief Civil Litigator
Dusty B. Nunes, SBN 339392
Deputy County Counsel
2222 M Street, 3rd Floor
Merced, CA 95340
Tel: (209) 385-7564
Fax: (209) 726-1337
Email: Jenna.Anderson@countyofmerced.com
Dusty.Nunes@countyofmerced.com

Attorneys for Defendants County of Merced, County of Merced Board of Supervisors and Vincent Andrade

In the United States District Court

For the Eastern District of California, Fresno Division

ARES AVILA, as successor in interest to Miranda Rayanne Gonzales,

Plaintiff,

v.

COUNTY OF MERCED; COUNTY OF MERCED BOARD OF SUPERVISORS; VINCENT ANDRADE; DOES 1-100,

Defendants

Case No. 1:26-cv-02280-KES-EPG

**Defendants County of Merced, County of Merced Board of Supervisors and Vincent Andrade's Answer to Plaintiff's First Amended Complaint and Demand for Jury Trial**

FAC Filed: July 27, 2026
Trial: Not Set

Defendants County of Merced, County of Merced Board of Supervisors and Vincent Andrade (collectively referred to as "Defendants"), by and through their counsel of record, Dusty B. Nunes, hereby admit, deny and/or otherwise respond and allege as follows to Plaintiff's First Amended Complaint (ECF No. 11) filed by Plaintiff Ares Avila ("Plaintiff"), as successor in interest to Miranda Rayanne Gonzales ("Decedent"), as follows:

## GENERAL DENIAL

Defendants deny each and every allegation in the First Amended Complaint not specifically admitted herein, including but not limited to all purported claims under 42 U.S.C. §1983, and deny that any act or omission by them caused a compensable injury to Decedent and deny that Plaintiff is entitled to the relief requested.

## INTRODUCTION

1. Answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit that Decedent was arrested on March 13, 2023 and charged with a misdemeanor violation of a court order under California Penal Code section 273.6(a). Defendants deny that the incident underlying that charge involved no allegation of violence or physical harm. Defendants admit that Decedent and Andrade appeared in court on March 23, 2023. Defendants deny that Decedent never saw or communicated with an attorney after her arrest. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

2. Answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendants admit that Decedent died at Crestwood on April 6, 2024. Defendants deny the allegations that County officials, employees, or agents tortured, starved, unlawfully drugged, trafficked, or murdered Decedent, or deliberately misled her family. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

3. Answering Paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit that County Counsel is the legal advisor for the County of Merced and the attorney for the Board of Supervisors and all County departments. Defendants also admit that County Counsel and/or Counsel's

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

delegees are the attorneys for the Public Conservator in conservatorship cases filed in the County of Merced. Defendants admit that, in representing the Public Conservator, County Counsel may prepare and file conservatorship petitions and request orders from the Superior Court on the Public Conservator's behalf. Whether to establish a conservatorship is determined by the Court. Defendants admit that County Counsel reviews the County's proposed contracts with mental health care facilities, recommends revisions, and signs those contracts as to legal form. Defendants admit that Charles Bruce signed the County's contract with Crestwood as to legal form. Mr. Bruce did not appear in any of Ms. Gonzales's criminal or conservatorship proceedings. Defendants deny that County Counsel's review or signature as to legal form constitutes the County's approval or authorization to enter into those contracts. The authority to approve and authorize the County's entry into a contract rests with the County body or official possessing the applicable contracting authority. County Counsel is not a party to the contracts executed with health care facilities. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 3.

4. Answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendants deny that they fabricated a conservatorship, falsified medical records, subjected Decedent to unconstitutional conditions, or unlawfully medicated her. Defendants admit that Dr. Michael D. Zimmerman diagnosed Decedent with unspecified schizophrenia spectrum and other psychotic disorder. Defendants deny that this diagnosis was fabricated. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

5. Answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendants deny that they facilitated sexual assaults or rapes or otherwise violated Decedent's constitutional rights. Defendants are without sufficient

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

6. Answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

7. Answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit that Decedent's death was determined to be a suicide. Defendants deny the allegations that her death was a homicide and that the County is liable merely because she died while confined. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

**JURISDICTION**

8. Answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit that this Court has jurisdiction. Defendants deny that they committed any unlawful acts and practices alleged in Plaintiff's First Amended Complaint.

9. Answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit that this matter is properly venued in this Court. Defendants deny that they committed any unlawful acts and practices alleged in Plaintiff's First Amended Complaint.

**PARTIES**

10. Answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

11. Answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit each and every allegation contained therein.

12. Answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit that the County of Merced Board of Supervisors is the County's legislative and executive governing body, with responsibilities prescribed by law. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

13. Answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendants admit that Vincent Andrade was the Merced County Public Defender and a resident of Merced County. Defendants admit that the Public Defender's Office employed approximately 17 Deputy Public Defenders and two managing attorneys during the relevant period, and that the Deputy Public Defenders worked under Andrade's direction and supervision. Defendants admit that Decedent's case was not assigned to a Deputy Public Defender and that Andrade personally appeared at the hearings in her case following her March 13, 2023 arrest. Defendants admit the reporting relationships alleged in Paragraph 13. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

14. Answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants deny the allegations of fraud, misdirection, concealment, or other wrongful withholding of information by them. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

///

///

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

**GENERAL ALLEGATIONS**

15. Answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit that Miranda was detained from March 13, 2023 to December 2, 2023, at John Latorraca Correctional Facility, which is a facility operated by the Merced County Sheriff's Office and is commonly referred to as "Sandy Mush." Defendants admit that, during the relevant period, the Public Defender's Office accepted free telephone calls from in-custody clients during designated hours. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

16. Answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared on Decedent's behalf on April 6, 2023 and that the Court's Minute Order indicates: "The Court is advised by jail staff that the defendant is a refusal to appear for today's proceedings." Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

17. Answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that Andrade knew Decedent was detained at Sandy Mush, believed the jail's reports that she refused to attend court, and did not independently verify those reports. Defendants admit that Andrade did not attempt to discuss her reported refusals with her. Defendants deny that Andrade knew the jail's reports were false or knew that Decedent was being denied access to a telephone, information about her case, or the opportunity to attend court. Defendants deny that Decedent never communicated with an attorney during the period between her arrest and death; Andrade communicated with her by Zoom

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

while she was at Crestwood. Defendants deny that Andrade prevented Decedent from communicating with counsel or attending court. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit that Andrade knew Decedent was detained at Sandy Mush, believed the jail's reports that she refused to attend court, and did not independently verify those reports. Defendants admit that Andrade did not attempt to discuss her reported refusals with her. Defendants deny that Andrade knew the jail's reports were false or knew that Decedent was being denied access to a telephone, information about her case, or the opportunity to attend court. Defendants deny that Decedent never communicated with an attorney during the period between her arrest and death; Andrade communicated with her by Zoom while she was at Crestwood. Defendants deny that Andrade prevented Decedent from communicating with counsel or attending court. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

19. Answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

20. Answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendants admit that Andrade did not show or discuss the Refusal Notice with Decedent and did not ask whether she wished to attend court. Defendants admit that the Refusal Notice was filed on the same date that Andrade requested a competency evaluation. Defendants deny that Andrade knew the Refusal Notice was legally ineffective or created in bad faith, or that he facilitated its creation or use to deprive Decedent or other clients of constitutional rights or to evade liability. Defendants deny that Decedent was not provided with any means by which she could communicate her wished to anyone. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

21. Answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendants deny that Andrade personally participated in denying Decedent access to mail or County notices. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

22. Answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendants admit that Helen attended the May 11, 2023 hearing and Decedent was not present. Defendants admit that the May 11, 2023 Minute Order states, "Defendant refused to appear for court," and "The Court continues the matter to receive the evaluation report from Dr. Zimmerman." The Minute Order lists the next hearing for June 8, 2023, identifies Andrade as present, and states,

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

"Criminal Proceedings Remain Suspended." Defendants admit that Andrade requested the competency evaluation and that the Court ordered it on April 13, 2023. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

23. Answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendants admit that Andrade waived a court reporter for the May 11, 2023 hearing, which Decedent did not attend, and that the Minute Order records "Reporter Waived." Defendants deny that Andrade waived a reporter to advance his own interests, deprive Decedent of constitutional rights, or impede review of his representation. Defendants deny the allegations concerning his knowledge of the asserted improper consequences of the waiver. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

24. Answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

25. Answering Paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared in court on June 8, 2023, waived a court reporter, and submitted on Dr. Zimmerman's evaluation. Defendants admit that the Minute Order states, "The defendant refused to attend today's court hearing." The Minute Order states, "Discussion is had by the Court and the

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

parties present as to Dr. Zimmerman's report," and "Counsel submits on evaluation ordered by the Court and filed on 5/23/23." Defendants admit that the evaluation was ordered on April 13, 2023. The Minute Order further states, "The Court refers the matter to the Conditional Release Program (CONREP) for PC1370 placement report." Defendants deny any characterization of that referral as an order placing Decedent in an outpatient release program. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

26. Answering Paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared in court on July 6, 2023 and waived a court reporter. Defendants admit that the Minute Order states, "The defendant refused to attend court." It further states, "The Court has reviewed the report filed on 6/22/2023 and notes CONREP indicated they are not authorized to evaluate the defendant on this case." The Minute Order states, "The Court refers the matter to the Public Conservator's Office for LPS conservatorship consideration," and "The Court continues the matter for receipt of report," and lists the next hearing for August 3, 2023. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

27. Answering Paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared on August 3, 2023 and relayed the jail's report that Decedent refused to attend court. Defendants admit that the Minute Order states, "Defendant refused to appear for court," "Defense requests the matter be continued, states additional time is needed to confirm the referral of Conservatorship to County Counsel," and "There being no objection by the People the Court grants the request." The Minute Order lists the next hearing

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

for August 17, 2023 and identifies M. Matheson as the courtroom reporter. Defendants admit that Decedent's father asked the Court about conservatorship and was directed to speak with the attorney. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

28. Answering Paragraph 28 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared in court on August 17, 2023 and waived a court reporter. The Minute Order states, "Michael Elizondo from County Counsel is present in court and request to continue the matter to evaluate the defendant for possible conservatorship," and "The Court grants the request." It lists the next hearing for September 7, 2023. The Minute Order also states, "The defendant's presence is waived for today," while listing Decedent under "Parties Present." These admissions concern the entries in the Minute Order and do not constitute an admission that Decedent physically attended the hearing.  Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

29. Answering Paragraph 29 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared in court on September 7, 2023 and waived a court reporter. The Minute Order states, "Per the jail, the defendant refused to come to court," and "Michael Elizondo from County Counsel is present in the Courtroom and advises that the defendant refused to speak with the Doctor." It further states, "The Court continues the matter for the defendant to be present to be interviewed by the Doctor on 9/28/23," and "ATTN JAIL: The Court orders the defendant to be extracted and brought to court on 9/28/23 if she refuses." Defendants are without sufficient knowledge or information upon which

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

30. Answering Paragraph 30 of Plaintiff's First Amended Complaint, Defendants admit that Decedent was not brought to court on September 28, 2023 and that Andrade appeared and waived a court reporter. The Minute Order states, "Michael Elizondo from County Counsel is present in the Courtroom and indicates the defendant is being interviewed," and "Matter continued for status of conservatorship," and lists the next hearing for October 26, 2023. The Minute Order does not identify where the interview occurred. Defendants deny that they violated Decedent's constitutional rights in connection with that hearing. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

31. Answering Paragraph 31 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

32. Answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

33. Answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

34. Answering Paragraph 34 of Plaintiff's First Amended Complaint, Defendants admit that Andrade appeared in court on October 26, 2023 and waived a court reporter. The Minute Order states, "The defendant's presence is

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

waived for today," and, separately, "Per the jail, the defendant refused to come to court." It further states, "Michael Profant from County Counsel is present in the courtroom and advises the investigation has just started and request to continue the matter for the investigation to be completed," and "The Court grants the request." The Minute Order lists the next hearing for November 30, 2023. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

35. Answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

36. Answering Paragraph 36 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

37. Answering Paragraph 37 of Plaintiff's First Amended Complaint, Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

38. Answering Paragraph 38 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

39. Answering Paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit that Decedent's mother informed Andrade of concerns about

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

Decedent's physical condition. Defendants deny that Andrade learned of Decedent's deterioration and took no action. Defendants admit that Decedent was not brought to court on November 30, 2023 and that the Court was informed she had refused to attend. Defendants admit that Deputy County Counsel advised the Court that Decedent had been placed under a temporary conservatorship, that Andrade requested an order allowing her transfer to a mental health care facility, and that the Court granted the request. Defendants admit that Decedent was transferred from Sandy Mush to Marie Green on December 2, 2023. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

40. Answering Paragraph 40 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

41. Answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

42. Answering Paragraph 42 of Plaintiff's First Amended Complaint, Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

43. Answering Paragraph 43 of Plaintiff's First Amended Complaint, Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

44. Answering Paragraph 44 of Plaintiff's First Amended Complaint, Defendants incorporate their response to Paragraph 4 concerning Dr. Zimmerman's diagnosis. Defendants deny that they unlawfully medicated Decedent or caused her to be treated without a medically supported psychiatric diagnosis. Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

45. Answering Paragraph 45 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

46. Answering Paragraph 46 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

47. Answering Paragraph 47 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

48. Answering Paragraph 48 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

49. Answering Paragraph 49 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

50. Answering Paragraph 50 of Plaintiff's First Amended Complaint, Defendants admit that Miranda was at Marie Green from December 2, 2023 to March 5, 2024. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

51. Answering Paragraph 51 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

52. Answering Paragraph 52 of Plaintiff's First Amended Complaint, Defendants admit that Miranda was transported from Marie Green to Crestwood Behavioral Health Center in Bakersfield, which is a facility under contract with the County of Merced. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

53. Answering Paragraph 53 of Plaintiff's First Amended Complaint, Defendants incorporate their response to Paragraph 4 concerning Dr. Zimmerman's diagnosis of unspecified schizophrenia spectrum and other psychotic disorder. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations concerning Crestwood's admission records and the basis for the treatment described in those records and, upon said ground, deny those allegations.

54. Answering Paragraph 54 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

55. Answering Paragraph 55 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

56. Answering Paragraph 56 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

57. Answering Paragraph 57 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

58. Answering Paragraph 58 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

59. Answering Paragraph 59 of Plaintiff's First Amended Complaint, Defendants admit that Miranda's death was determined to be a suicide. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

60. Answering Paragraph 60 of Plaintiff's First Amended Complaint, Defendants deny the allegations that they violated Decedent's constitutional rights, maintained or implemented an unlawful policy or custom, or caused the alleged harm. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

61. Answering Paragraph 61 of Plaintiff's First Amended Complaint, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations and, upon said ground, deny each and every allegation contained therein.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(DELIBERATE INDIFFERENCE TO VIOLATIONS OF CONSTITUTIONAL RIGHTS AS TO ALL DEFENDANTS)**

62. Answering Paragraph 62 of Plaintiff's First Amended Complaint, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

63. Answering Paragraph 63 of Plaintiff's First Amended Complaint, Defendants admit that the County and its Board of Supervisors act under color of state law in performing their governmental functions. Defendants deny that Andrade acted under color of state law when performing the traditional functions of defense counsel. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

64. Answering Paragraph 64 of Plaintiff's First Amended Complaint, Defendants deny that their acts, omissions, policies, customs, practices, or decisions violated Decedent's constitutional rights or otherwise establish liability under 42 U.S.C. § 1983.

65. Answering Paragraph 65 of Plaintiff's First Amended Complaint, Defendants deny that any deliberate indifference by them caused injury or damage to Decedent and deny liability for the relief sought.

///

///

///

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

**SECOND CLAIM FOR RELIEF**

**(MUNICIPAL LIABILITY FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS AS TO DEFENDANTS COUNTY OF MERCED AND COUNTY OF MERCED BOARD OF SUPERVISORS)**

66. Answering Paragraph 66 of Plaintiff's First Amended Complaint, Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

67. Answering Paragraph 67 of Plaintiff's First Amended Complaint, Defendants admit that the County and its Board of Supervisors act under color of state law in performing their governmental functions. To the extent this paragraph is directed to Andrade, Defendants incorporate their response to Paragraph 63. Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the remaining allegations and, upon said ground, deny each and every allegation contained therein.

68. Answering Paragraph 68 of Plaintiff's First Amended Complaint, Defendants deny the allegations of this paragraph.

69. Answering Paragraph 69 of Plaintiff's First Amended Complaint, Defendants deny the allegations of this paragraph.

70. Answering Paragraph 70 of Plaintiff's First Amended Complaint, Defendants deny that their conduct, or conduct legally attributable to them under 42 U.S.C. § 1983, caused the alleged injury or damage to Decedent and deny liability for the relief sought.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to recover compensatory, general, special, punitive, or exemplary damages, attorneys' fees, litigation expenses, costs, or any other relief against them.

///

///

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without admitting any allegation not expressly admitted above, Defendants assert the following defenses, separately and in the alternative where appropriate. Defenses that deny an element of Plaintiff's claims are included without shifting Plaintiff's burden of proof.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

That Plaintiff's First Amended Complaint does not state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Andrade's Traditional Functions as Defense Counsel)**

To the extent Plaintiff's claims against Andrade arise from his performance of the traditional functions of defense counsel in representing Decedent, including advocacy and professional decisions in her criminal or conservatorship proceedings, he did not act under color of state law for purposes of 42 U.S.C. § 1983. Defendants separately deny that Andrade adopted or implemented an unconstitutional administrative policy or otherwise engaged in actionable conduct under color of state law.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims asserted in the First Amended Complaint are barred by the statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Absence of Municipal Liability)**

Neither the County nor its Board of Supervisors is liable under 42 U.S.C. § 1983 solely because it employed, contracted with, or supervised an alleged wrongdoer. Defendants deny that an unconstitutional County policy, longstanding custom, decision or ratification by a final policymaker, or

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

deliberately indifferent failure to train, supervise, or monitor was the moving force behind a deprivation of Decedent's constitutional rights.

**FIFTH AFFIRMATIVE DEFENSE**

**(Absence of Personal or Supervisory Liability)**

Andrade denies that his own acts or omissions caused an actionable deprivation of Decedent's constitutional rights. His position as Public Defender does not alone impose liability for the conduct of others. Defendants deny that the alleged conduct of jail staff, medical providers, or Crestwood personnel establishes Andrade's personal participation, supervisory authority over those persons, or the causal connection required for individual liability under 42 U.S.C. § 1983.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Constitutional Deprivation)**

Defendants deny that they unlawfully deprived Decedent of access to counsel, courts, communications, or other protected rights, subjected her to unlawful detention or treatment, or acted with deliberate indifference to her medical needs or safety. Defendants contend that their own conduct was reasonable under the applicable constitutional standards. Mere negligence, an adverse outcome, or a disagreement with treatment does not by itself establish the pleaded constitutional violations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Causation and Independent Conduct)**

Defendants deny that their conduct or any County policy was an actual or proximate cause of the injuries alleged. To the extent Decedent sustained injuries, Defendants contend that independent acts or omissions of other persons or entities, including Crestwood and its personnel in connection with the treatment, supervision, and safety measures described in the First Amended Complaint, caused injuries not legally attributable to Defendants. Any

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

independent conduct that constitutes a superseding cause under applicable law bars recovery against Defendants for the resulting injury.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity as to Andrade Only)**

In the alternative, to the extent Andrade is found to have acted under color of state law in a governmental capacity for which qualified immunity is available, he is entitled to qualified immunity from damages because his conduct did not violate a constitutional right that was clearly established in the specific circumstances at the time.

**NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Punitive damages are unavailable against the County and its Board of Supervisors under 42 U.S.C. § 1983. As to Andrade individually, Defendants deny that he acted with evil motive or intent or with reckless or callous indifference to Decedent's federally protected rights, and deny that the requirements for punitive damages are satisfied. Any punitive-damages award against Andrade in his individual capacity is further subject to the constitutional limitations imposed by due process. Andrade contests any award that is grossly excessive or arbitrary in light of the conduct proven, the harm caused, and the applicable constitutional guideposts.

**TENTH AFFIRMATIVE DEFENSE**

**(Scope of Representative Recovery)**

Plaintiff sues solely as Decedent's successor in interest. Defendants deny that this representative claim permits Plaintiff to recover damages for her own personal injuries or for injuries to other family members that are not asserted through a legally cognizable claim in this action. Any recovery must be supported by proof and authorized by the law governing the pleaded federal survival claims.

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Double Recovery)**

To the extent permitted by applicable federal law, Defendants seek credit for any payment in settlement or satisfaction of the same injury, so that Plaintiff does not recover more than once for the same loss.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Actions in Good Faith)**

Defendants allege that Defendants' actions were in good faith and with a reasonable belief that the actions were lawful. The actions of Defendants were lawful and proper and in all respects reasonable and legal.

**AMENDMENT OF DEFENSES**

If further investigation or discovery supplies grounds for additional defenses, Defendants will seek to amend this Answer as authorized by the Federal Rules of Civil Procedure, including Rule 15.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the First Amended Complaint;
2. For judgment in favor of Defendants;
3. For costs of suit incurred;
4. For attorney fees pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 11 (b); and
5. For such other and further relief as this court may deem just and proper.

Dated: October 6, 2026

Forrest W. Hansen
Merced County Counsel

By: /s/ Dusty B. Nunes
Dusty B. Nunes
Deputy County Counsel
Attorneys for Defendants

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 6, 2026

Forrest W. Hansen
Merced County Counsel

By: Dusty B. Nunes
Dusty B. Nunes
Deputy County Counsel
Attorneys for Defendants

Merced County Counsel
2222 M Street
Merced, CA 95340
(209) 385-7564